## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| HECTOR R. DIAZ,<br>　　　　　Appellant, | DOCKET NUMBER<br>AT-0752-15-0471-I-1 |
| 　　　v. | |
| DEPARTMENT OF THE TREASURY,<br>　　　　　Agency. | DATE: March 11, 2016 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Hector R. Diaz, Lawrenceville, Georgia, pro se.

Andrew M. Greene, Esquire, Atlanta, Georgia, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal,[2] we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant was formerly employed by the agency as an Individual Taxpayer Adviser Specialist. Initial Appeal File (IAF), Tab 3, Subtab 4a. On September 4, 2014, the agency proposed removing the appellant based on charges of: (1) unprofessional dealings with a taxpayer; and (2) creating a workplace disruption. *Id.*, Subtab 4d at 1. Concerning the first charge, the agency alleged that on March 19, 2014, the appellant had an altercation with a taxpayer at the Taxpayer Assistance Center in Chamblee, Georgia. *Id.* Specifically, the agency alleged that the appellant told the taxpayer, "[g]et your ass out of here," pointed his finger in her face, and continued to harass her after a security guard intervened and instructed him to leave the area. *Id.* Regarding the second charge, the agency alleged that, while servicing that same taxpayer, the appellant created

---

[2] It appears that during the hearing the administrative judge admitted one agency exhibit and two appellant exhibits. Hearing Compact Discs (HCDs). However, these exhibits were not placed in the record. Despite efforts by the Office of the Clerk of the Board to obtain these exhibits from the parties, only the agency's exhibit was received, as neither the agency nor the appellant could produce the appellant's exhibits. The agency's exhibit has now been placed in the record. Petition for Review (PFR) File, Tab 5. We find that the administrative judge's failure to place these three exhibits in the record below and the absence of two exhibits from the record on review does not affect the Board's disposition in this matter.

a disturbance in the workplace that resulted in a significant work interruption for his coworkers and taxpayers. *Id.* After the appellant responded to the notice of proposed removal, *id.*, Subtab 4c, the deciding official issued a decision letter, sustaining the charges and stating that the appellant would be removed, effective March 20, 2015, *id.*, Subtab 4b.

¶3    The appellant appealed his removal to the Board, denying that he had engaged in the charged misconduct. IAF, Tab 1 at 2. After holding the requested hearing, the administrative judge issued an initial decision affirming the appellant's removal. IAF, Tab 16, Initial Decision (ID). Based on the testimony of S.C., a security guard, and J.G., a Senior Tax Advisor at the Taxpayer Assistance Center, the administrative judge found that the agency proved the charge of unprofessional dealings with a taxpayer. ID at 8-9; *see* IAF, Tab 15, Hearing Compact Discs (HCDs) (testimony of S.C. and J.G.). The administrative judge further found that the agency proved the second charge of creating a workplace disruption, because, although the taxpayer was antagonistic, the appellant escalated the situation and intensified the conflict. ID at 10. Finally, the administrative judge found that a nexus existed between the sustained charges and the efficiency of the service, *id.*, and that removal was a reasonable penalty, ID at 14.[3]

¶4    The appellant has filed a petition for review of the initial decision, in which he argues that the administrative judge erred in his credibility determinations and that the agency destroyed relevant evidence. Petition for Review (PFR) File, Tab 1.[4] The agency has responded. PFR File, Tab 3.

---

[3] The appellant does not appear to challenge these findings in his petition for review. In any event, we discern no basis for disturbing the administrative judge's well-reasoned determination that the agency established a nexus between the sustained misconduct and the efficiency of the service and that the penalty of removal was reasonable under the circumstances in this case.

[4] The appellant also argues on review that the administrative judge committed "slander" by accusing him of accessing "the taxpayer's account illegally." PFR File, Tab 1 at 1.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant failed to establish that the administrative judge made erroneous credibility determinations.</u>

¶5    On review, the appellant claims that the administrative judge failed to consider the taxpayer's history of arrests.  PFR File, Tab 1 at 1.  He further contends that the administrative judge failed to consider that the taxpayer allegedly lied under oath about her arrest history, provided a false name to a Treasury Inspector General for Tax Administration (TIGTA) agent, and told other unspecified lies.  *Id.*  We construe the appellant's allegations as a claim that the administrative judge erred in his credibility determinations regarding the taxpayer.

¶6    At the hearing, the administrative judge allowed the appellant to question the taxpayer about the spelling of her name on a TIGTA report, her prior arrests, and her truthfulness about those arrests, and to present evidence regarding the taxpayer's arrest history.[5]  HCDs (testimony of the taxpayer).  However, the administrative judge did not make any credibility determinations regarding the taxpayer, other than to state that her testimony at hearing was consistent with a written statement that she prepared on the date of the incident at issue in the

---

The administrative judge did not accuse the appellant of accessing the taxpayer's account illegally, either in the initial decision or during the hearing.  ID; HCDs.  Accordingly, we find that the appellant's contentions that the administrative judge accused him of additional misconduct or committed slander are without merit.

[5] Although the administrative judge allowed the appellant to present evidence regarding the taxpayer's arrest history, the Board has recognized the application of Federal Rule of Evidence 609, which permits impeachment of a witness's credibility only with evidence of convictions, not arrests.  *Wright v. U.S. Postal Service*, 84 M.S.P.R. 607, ¶ 10 (1999); *see Yanopoulos v. Department of the Navy*, 796 F.2d 468, 471 (Fed. Cir. 1986) (determining that although the Federal Rules of Evidence are not applicable to Board proceedings, they are a helpful guide to proper hearing practice).  Under Federal Rule of Evidence 608, the appellant could cross-examine the taxpayer regarding her prior arrests, but only to the extent that they involved charges probative of her character for truthfulness.  *See Wright*, 84 M.S.P.R. 607, ¶ 10.

charges.[6]  ID at 7.  Moreover, the administrative judge did not rely on the taxpayer's testimony in sustaining the charges, but instead, relied solely on the testimony of S.C. and J.G.  ID at 8-9.  For these reasons, the appellant's arguments regarding the taxpayer's alleged lack of truthfulness and arrest history do not form a basis for granting the petition for review.

¶7    The appellant further argues on review that S.C. and J.G. told "blatant lies" and that he never used obscene language towards the taxpayer.[7]  PFR File, Tab 1 at 2.  We find that the administrative judge properly considered the appropriate factors for making credibility determinations set forth in *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987),[8] and found that S.C.'s and J.G.'s testimony was more credible than the appellant's.  ID at 7-8.  The Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so.  *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002).  Here, the administrative judge found that S.C.'s testimony was "clear, forthright, and unequivocal" and that

[6] Contrary to the appellant's assertions on review, the administrative judge did not "protect" the taxpayer, or make a finding that she did not lie.  PFR File, Tab 1 at 1; *see* ID.

[7] At hearing, the appellant testified that he told the taxpayer that she should "come kick [his] ass" if she wanted to, although he claimed that he made this statement quietly in response to a threat from the taxpayer.  HCDs (testimony of the appellant).  However, regardless of the appellant's motivation for making the statement, he admitted that he used obscene language.

[8] To resolve credibility issues, an administrative judge must identify the factual questions in dispute, summarize the evidence on each disputed question, state which version he believes, and explain in detail why he found the chosen version more credible, considering such factors as:  (1) the witness's opportunity and capacity to observe the event or act in question; (2) the witness's character; (3) any prior inconsistent statement by the witness; (4) a witness's bias, or lack of bias; (5) the contradiction of the witness's version of events by other evidence or its consistency with other evidence; (6) the inherent improbability of the witness's version of events; and (7) the witness's demeanor.  *Hillen*, 35 M.S.P.R. at 458.

J.G.'s testimony was "direct and unwavering." ID at 7. He also considered that the appellant failed to establish any bias on the part of S.C. and J.G., *id.*, and that the appellant's testimony that he behaved politely was both contradicted by other evidence of record, and inherently improbable, in light of the taxpayer's intense and violent reaction, ID at 8. While the appellant disagrees with the administrative judge's credibility determinations, his mere assertion that S.C. and J.G. lied does not present a sufficiently sound basis to overturn the administrative judge's findings.[9] *See Haebe*, 288 F.3d at 1300; *Kimm v. Department of the Treasury*, 61 F.3d 888, 892 (Fed. Cir. 1995).

The appellant's contentions concerning destruction of evidence do not provide a basis for disturbing the initial decision.

¶8 On review, the appellant also contends that the agency's destruction of audio and video recordings of the Taxpayer Assistance Center from the date of the incident at issue in the charges prejudiced his ability to support his defense. PFR File, Tab 1 at 1. He asserts that the agency intentionally destroyed these recordings and that if the recordings had been available, they would have vindicated him. *Id.* We construe the appellant's assertions as an argument that the administrative judge erred in denying his motion for an adverse inference based on the spoliation of evidence. ID at 9 n.5. As discussed below, under the circumstances of this case, we find that the appellant's argument does not provide a basis for disturbing the initial decision.

¶9 On September 4, 2014, the same day that the agency issued the notice of proposed removal, through a union information request the appellant asked for copies of video surveillance recordings of the Taxpayer Assistance Center from

---

[9] On review, the appellant further contends that he was "guilty before the hearing began." PFR File, Tab 1 at 1. We construe this allegation as a claim that the administrative judge was biased. In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). We find that the appellant has failed to meet that burden.

March 19, 2014.[10] IAF, Tab 11 at 2. The agency did not provide the video recordings in response to the information request. *Id.* at 4; IAF, Tab 3, Subtab 4c at 7. However, the appellant never requested audio or video recordings from the agency during the course of discovery in his Board appeal. ID at 9 n.5. Despite his failure to request these materials during discovery, at the commencement of the hearing on July 7, 2015, the appellant orally moved to compel production of the audio and video recordings.[11] HCD (the appellant's oral motion prior to the commencement of hearing testimony). After counsel for the agency represented that the audio and video recordings would have been destroyed pursuant to the agency's routine policies, the administrative judge deferred ruling on the appellant's motion, which he construed as a motion for an adverse inference due to the spoliation of evidence. *Id.*

¶10    The agency presented testimony from D.C., a Territory Manager and the proposing official. HCD (testimony of D.C.); IAF, Tab 3, Subtab 4d at 3. She testified that, pursuant to agency policy, video recordings of the Taxpayer Assistance Center are routinely erased 30 days after the recordings are made, and audio recordings are routinely erased 45 days after the recordings are made. *Id.*

¶11    Shortly after the altercation between the appellant and the taxpayer, a supervisory employee at the Taxpayer Assistance Center reported the incident to TIGTA, which then conducted an investigation. IAF, Tab 3, Subtab 4f at 1-2, 5.

---

[10] The record does not reflect that the appellant requested audio recordings. IAF, Tab 11 at 2.

[11] In the initial decision, the administrative judge indicated that the appellant also raised the issue of the audio and video recordings at the prehearing conference on June 24, 2015. ID at 9 n.5. The agency's filings below confirm that the issue was raised at the prehearing conference. IAF, Tab 14 at 5. However, the order and summary of the prehearing conference does not reflect that the audio and video recordings were discussed, or what was said regarding these materials. IAF, Tab 10. Regardless, we find that it is not relevant whether the audio and video recordings were first raised at the prehearing conference or at the commencement of the hearing, because in either case, the appellant did not request them during discovery, or move to compel their production prior to the close of discovery.

D.C. testified that, therefore, she was under the impression that TIGTA would maintain the audio and video recordings.  HCD (testimony of D.C.).  D.C. further testified that, after the appellant submitted his information request for the audio and video recordings in response to the notice of proposed removal, she contacted TIGTA to inquire about the recordings, and learned that they had been destroyed pursuant to the agency's routine policies.  *Id.*

¶12       Following the hearing, in the initial decision, the administrative judge denied the appellant's motion for an adverse inference based on the spoliation of evidence.  ID at 9 n.5.  We find that the appellant has not demonstrated that the administrative judge abused his discretion in declining to draw an adverse inference against the agency.  *See Leseman v. Department of the Army*, 122 M.S.P.R. 139, ¶ 6 (2015) (finding that, absent an abuse of discretion, the Board will not reverse an administrative judge's determination regarding sanctions).  There appears to be no dispute that the agency no longer had the audio and video recordings when the appellant asked for them through his union information request and that the appellant never requested the materials through discovery in his Board appeal, or timely moved to compel their production.  PFR File, Tab 1 at 1; HCD (testimony of D.C.).  In light of the agency's immediate awareness of the altercation between the appellant and the taxpayer and the resulting TIGTA investigation, the agency should have taken affirmative steps to preserve the audio and video recordings.  However, we find no evidence to support the appellant's assertions that the agency deliberately destroyed the evidence to thwart his defense, as opposed to negligently allowing the evidence to be destroyed pursuant to routine policies.  *See Hidalgo v. Department of Justice*, 93 M.S.P.R. 645, ¶ 23 (2003) (denying a request for a negative inference against an agency where an agency investigator destroyed his notes of his interviews with an appellant and testified that it was his practice to destroy his interview notes on completion of his investigatory reports).

¶13    Furthermore, the agency presented testimony from witnesses, including S.C. and J.G., with first-hand knowledge of the incident in question, afforded the appellant an opportunity to cross-examine those witnesses, and otherwise provided sufficient documentary and testimonial evidence to prove the charges by preponderant evidence.    HCDs (testimony of S.C. and J.G.); IAF, Tab 3, Subtab 4f.    Therefore, we find that the administrative judge did not abuse his discretion in declining to draw an adverse inference under the facts of this case, nor would an inference be sufficient to change the outcome here in view of the record as a whole.  ID at 9 n.5; *see Hidalgo*, 93 M.S.P.R. 645, ¶ 23 (finding that a negative inference based on destruction of evidence was not warranted where the agency presented testimony from a witness with first-hand knowledge of the facts at issue, afforded the appellant the opportunity to cross-examine the witness, and otherwise proved the charges by preponderant evidence).

¶14    Based on the foregoing, we affirm the initial decision that sustained the appellant's removal.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and

that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.